## HENRY A. HUBER, Respondent, v. JEREMIAH CLARKE et al., Appellants.

### No. 1468; April 7, 1869.

**Deeds.**—A Deed in Which the Description of the Land Errs in Respect of locating the point of beginning, whereby confusion results from the subsequent courses given, is sufficiently explained by words following the description, such as "it being the same land described in," etc., thus subrogating the grantee to the ownership of the grantor under the deed by which the latter acquired title.

**Deeds.**—In Construing Deeds With Inconsistent Calls, when it is obvious that one of them must of necessity be a false call, evidence

aliunde is admissible to explain the error, unless it is explained by other portions of the deed.

Reformation of Deed—Readiness of Plaintiff to Do Equity.— In a suit for the rectification of a deed, where the error, strictly construed, reverses the ownership of the parties as to their respective tracts, the plaintiff must aver readiness and willingness to deed to the defendant as the facts call for upon the defendant's so deeding to him.

Reformation of Deed—Parties.—To a Suit for the Rectification of a deed to the plaintiff's grantor, made by the defendant's grantor, the plaintiff's grantor is not in all cases an indispensable party.

Reformation of Deed—Pleading.—In a Suit Between Owners of Contiguous Parcels of land for the correction of the deed to the plaintiff's grantor, who took from a common source with the defendant, and has not been made a party to the suit, it is unnecessary to aver in the complaint either that by means of the erroneous deed such grantor acquired legal title to no land outside of that intended to be conveyed, or that, if he did so erroneously acquire the legal title, the plaintiff was, through the subsequent conveyance to him, put into a position to restore it to the defendant; since, if the complaint describes the land, the error and the circumstances of the transaction, such an averment would be a conclusion of law.

APPEAL from Third Judicial District, Santa Clara County.

W. & S. Patterson, for respondent; Jeremiah Clarke in pro. per.

See Clarke v. Huber, 25 Cal. 593, 20 Cal. 196.

CROCKETT, J.—The material questions in this case are: 1st. Whether or not the Kochs were necessary parties to the action; 2d. Is there any equity in the plaintiff's complaint in the absence of an explicit averment that the plaintiff is ready and able to reconvey or to cause to be reconveyed to the defendant the title to the land alleged to have been erroneously included in the deed from Robles to the Kochs? 3d. If the Kochs were necessary parties, was it competent for the defendant to waive their nonjoinder as defendants, and have they done so?

In examining these questions, it becomes material to ascertain: 1st. What land, if any, was actually conveyed by Robles to the Kochs, by the deed which is alleged to have contained an erroneous description; and 2d. If any land was

thus erroneously conveyed, whether the plaintiff has succeeded to all the title which the Kochs acquired by the erroneous deed, and is in a position to restore it to the defendant.

It is not controverted that the land which the Kochs purchased and which Robles intended to convey to them, commenced at the southeast corner of the De Zaldo tract, and was to run thence southerly two thousand varas; thence westerly fourteen hundred varas; thence northerly two thousand varas, and thence easterly fourteen hundred varas, to the point of beginning, and that the tract was to be bounded on the north by the southerly line of the De Zaldo tract. The deed as actually made described the land as commencing at the northeast corner of the De Zaldo tract and as running thence southerly two thousand varas; thence westerly fourteen hundred varas; thence northerly two thousand varas and "thence easterly along the southern boundary line of said Mrs. De Zaldo's land, fourteen hundred Spanish varas to the place of beginning." The only error in the description is in designating the northeast instead of the southeast corner of the De Zaldo tract as the beginning point. Strike out northeast and insert southeast, and the deed would describe the land precisely as the parties intended it should. But it is evident two of the calls are inconsistent with each other. If the tract commenced at the northeast corner of the De Zaldo tract, it would not only include the whole of that tract of six hundred varas square, but it is impossible that the last line could run easterly "along the southern boundary line of said Mrs. De Zaldo's land." It is apparent on the face of the deed that one of these is a false call; and that a survey made under that description would not close. In construing deeds with inconsistent calls, when it is obvious that one of them must, of necessity, be a false call, evidence aliunde is admissible to explain the error, unless it is sufficiently explained by other portions of the deed. But in this case there is no contest as to which of these inconsistent calls was the false one. It is admitted that the error was in describing the beginning point as at the northeast instead of the southeast corner of the De Zaldo tract. On the face of the deed, without the aid of extrinsic facts, it would be impossible to decide what particular body of land was in-

tended to be conveyed. Standing alone and unexplained, the deed conveyed nothing by reason of the repugnancy of the calls. By force of the deed alone, with its inconsistent calls, the Kochs acquired the legal title to no land whatsoever; and certainly none to the land lying to the north of the south line of the De Zaldo tract. It being admitted that the call for the northeast instead of the southeast corner of the De Zaldo tract as the beginning point was falsa demonstratio, and that the remainder of the description was correct, it results that the Kochs acquired no title, either legal or equitable, to any land lying to the north of the southern line of the De Zaldo tract, projected westwardly. As to that land, no title ever passed from Robles to the Kochs, for the reasons already stated; and consequently there is no title in them or their vendee to be reconveyed to the defendants. It was therefore unnecessary to make the Kochs parties defendant in the action.

But even though it were conceded that, by reason of the erroneous description in the deed, the legal title to the land lying to the north of the southerly line of the De Zaldo tract projected westwardly did pass to the Kochs, we are of opinion that the title which they so acquired, if any, passed from them to the plaintiff, by their deed to him, of September 23, 1853. In that deed, after describing the land by its true description, the following clause is inserted, to wit: "being the same land conveyed to us by Jose Teodoro de Jesus Robles by deed dated the eighth day of January, A. D. 1853. Recorded in the county recorder's office of Santa Clara county in Book E of Deeds, pages 362 and 363, and described in said deed as commencing on the northeast corner of said Mrs. De Zaldo's land; this deed being intended to convey only the same premises conveyed to us by said deed from Robles." We think, on any fair and reasonable construction of this deed, and especially when interpreted in the light of the surrounding circumstances, it was obviously the intention of the parties to substitute the plaintiff to all the rights, legal or equitable, and of whatsoever nature, which the Kochs acquired under the deed from Robles. He simply stepped into their shoes, in respect not only to the land, which was intended to be conveyed by Robles, but also in respect to that, if any, which was in fact conveyed by the erroneous

description. Having thus been subrogated to all the rights of the Kochs, the plaintiff is in a condition to restore to the defendant the title, if any there be, which was erroneously conveyed to them by Robles; and for this reason also the Kochs were not necessary parties.

But the defendant insists that the plaintiff's complaint lacks the necessary averments to entitle him to relief on this theory of the case. He maintains that if the plaintiff intended to put his case on this footing, it was incumbent on him, by proper allegations in his complaint, to aver: 1st. That the Kochs, by means of the erroneous deed, acquired the legal title to no land, outside of that which was intended to be conveyed; or 2d. If they did so erroneously acquire the legal title, that they subsequently conveyed it to the plaintiff, so that he is in a condition to restore it to the defendant.

The complaint, it is true, is somewhat vague in its averments in these respects. It does not in express terms allege that the Kochs by means of the erroneous deed, acquired the legal title to no land outside of that which was intended to be conveyed; nor, on the contrary, does it aver that they did acquire such title. It is simply silent on that point. But it correctly describes the land, which was intended to be conveyed, and properly specifies the error in the deed—setting out at length the erroneous description, with its repugnant calls. It also avers the De Zaldo tract to have been a well known tract, containing six hundred varas square, and sets forth its boundaries. It further avers that before the plaintiff purchased from the Kochs, and whilst he was in treaty with them, Robles pointed out to him correctly on the ground the land which he had sold to the Kochs, and avers that on the faith of these representations he made the purchase, and took from the Kochs a deed of conveyance correctly describing the land. The complaint therefore correctly states the necessary facts to enable the court to decide upon the legal effect of the erroneous deed; and if the complaint had in terms averred its legal effect, it would only have stated a conclusion of law and not an issuable fact.

Nor does the complaint aver that the plaintiff has been subrogated to whatever right or title the Kochs acquired, by means of the erroneous deed, to other lands than those

which were intended to be conveyed; but alleges a conveyance from the Kochs to the plaintiff, by a correct description, of the land which was in fact sold and intended to be conveyed to them by Robles. There was no need for an averment that the plaintiff had been subrogated to the title of the Kochs, if any they acquired, to the other lands; because, as we have seen, it sufficiently appeared from the complaint that they acquired no title, legal or equitable, to such other lands. But even though an averment to that effect had been necessary, in order to show a proper case for equitable relief, the defendant, in his answer, has supplied the defect, by the allegation that the deed from Robles to the Kochs was inoperative in law to convey any land whatsoever; and by the further allegation, in substance, that the Kochs had conveyed to the plaintiff whatever rights, if any, they had acquired under the deed from Robles.

The defendant, however, insists that defects in the complaint cannot be supplied by admissions in the answer; and that, to entitle the plaintiff to relief, it was his duty, on discovering its defects, to have amended his complaint, so that the allegata et probata would correspond. Without intending to lay down any precise rule as a precedent in such cases, we are satisfied that, strict rules of pleading aside, when the want of a necessary averment in the complaint is supplied by an admission in the answer, we ought not to reverse the judgment and send the case back for a new trial, for the mere purpose of enabling the plaintiff to move for leave to amend his complaint, and go through the form of a new trial, which could only result in another judgment for the plaintiff, on facts admitted in the answer, and the other facts found by the court. Such a proceeding could result only in a vexatious delay and a useless expense, without benefiting the defendant.

On the former hearing of this appeal our attention was not called to the particular facts on which we have commented and which we hold to be decisive of the case. In our opinion the Kochs were not necessary parties; and the judgment must be affirmed.

So ordered.

I concur: Sprague, J.

I concur in the judgment: Sawyer, C. J.

We concur in the judgment and the reasoning of Justice Crockett, showing that the Kochs are not necessary parties, so far as it is founded upon the language of their deed to the plaintiff, which purports to convey all the rights which they acquired under their deed from Robles.

Sanderson, J.
Rhodes, J.